UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY M. JURY,

        Plaintiff,

  v.

L. ROHER, DEPARTMENT OF CORRECTIONS, CLINT MAY, PAT GLEB, ELDON VAIL, BERNARD WARNER, LT. BUTLER, DEVON SCHRUM, DUNIVAN J DANE, CATHERINE M SLAGLE, GRAYS HARBOR COMMUNITY COLLEGE, KEN FURU, WARSHAM, UNIT-H6 OFFICERS, WAKEFIELD, CARPENTER, HUTCHINSON, STROUP, JOHNSON, RENINGER, CORNWELL, MICHAEL L. MELOTRICH, RON WINEINGER, I&I STAFF, WHALEY, CLARK, DONNY, SCCC PROPERTY ROOM OFFICIALS, SHAIRLY I ZAT, LEGAL LIASON JOHN AND JANE DOE 1-10,

        Defendants.

CASE NO. C12-5772 BHS/KLS

ORDER DENYING MOTION FOR COUNSEL

    Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 16. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

|   |   |
|---|---|
| 1 | **DISCUSSION** |
| 2 | No constitutional right exists to appointed counsel in a §1983 action.  *Storseth v.* |
| 3 | *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.* |
| 4 | *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is |
| 5 | discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may |
| 6 | appoint counsel for indigent civil litigants pursuant to 28 U.S.C. §1915(e)(1) (formerly 28 U.S.C§ |
| 7 | 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 |
| 8 | F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances |
| 9 | exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the |
| 10 | petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." |
| 11 | *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 |
| 12 | F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient |
| 13 | grasp of his case or the legal issue involved and an inadequate ability to articulate the factual |
| 14 | basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. |
| 15 | 2004). |
| 16 | That a *pro se* litigant may be better served with the assistance of counsel is not the test. |
| 17 | *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues |
| 18 | involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further |
| 19 | facts during litigation.  But, if all that was required to establish the complexity of the relevant |
| 20 | issues was a demonstration of the need for development of further facts, then practically all cases |
| 21 | would involve complex legal issues.  *Id.* |
| 22 | Plaintiff states that he is indigent, cannot afford counsel, is completely disabled, and is |
| 23 | totally disabled and unable to write legibly.  He also claims that his legal work is destroyed to |
| 24 | stop his access to this Court.  However, Plaintiff has already filed numerous documents with this |

ORDER DENYING MOTION FOR COUNSEL- 2

1  Court, including a 24 page complaint, with 47 pages of exhibits; a motion for temporary relief;
2  various other motions, and this 16 page motion for counsel with two supporting affidavits.
3  Plaintiff has demonstrated an ability to articulate his claims *pro se* in a clear fashion
4  understandable to this Court. In addition, Plaintiff presents no evidence to show that he is likely
5  to succeed on the merits of his case. While Plaintiff may not have vast resources or legal
6  training, he meets the threshold for a pro se litigant. Concerns regarding investigation, access to
7  legal resources or examination of witnesses are not exceptional factors, but are the type of
8  difficulties encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate
9  an inability to present his claims to this Court without counsel.

10  Accordingly, it is **ORDERED:**

11  (1)   Plaintiff's motion for counsel (ECF No. 16) is **DENIED.**

12  (2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

13  **Dated** this 17th day of October, 2012.

Karen L. Strombom
United States Magistrate Judge