UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERRY M. JURY,<br><br>                Plaintiff,<br><br>   v.<br><br>L. ROHER, DEPARTMENT OF CORRECTIONS, CLINT MAY, PAT GLEBE, ELDON VAIL, BERNARD WARNER, LT. BUTLER, DEVON SCHRUM, DUNIVAN J. DANE, CATHERINE M. SLAGLE, GRAYS HARBOR COMMUNITY COLLEGE, KEN FURU, WARSHAM, UNIT-H6 OFFICERS, WAKEFIELD, CARPENTER, HUTCHINSON, STROUP, JOHNSON, RENINGER, CORNEWELL, MICHAEL L. MELOTRICH, RON WINEINGER, I&I STAFF, WHALEY, SGT. CLARK, DONNY, SCCC PROPERTY ROOM OFFICIALS, SHAIRLY I. ZAT, LEGAL LIASON JOHN AND JANE DOES 1-10,<br><br>                Defendants. | No. C12-5772 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: March 1, 2013** |

Plaintiff filed this case in the District Court at Seattle on August 29, 2012, claiming that his legal property was going to be destroyed by the DOC on August 28, 2012 if a preliminary injunction was not granted. ECF No. 13, at 2. Along with his proposed complaint, Plaintiff filed an application to proceed *in forma pauperis* (IFP), a motion "to dispense," a motion for the appointment of counsel, a motion for temporary injunction, and motion for show cause. The case was transferred to the District Court at Tacoma on August 30, 2012 and Plaintiff was

REPORT AND RECOMMENDATION - 1

advised that his IFP application was deficient. ECF No. 2. Plaintiff's IFP application was not corrected until October 3, 2012. ECF No. 8. On October 12, 2012, the application was granted. ECF No. 12. After the granting of his IFP application, Plaintiff filed a "motion to dispense with the requirement of security" (ECF No. 15), a second motion for counsel (ECF No. 16), and a second motion for temporary injunction (ECF No. 20). These motions were denied. ECF Nos. 25-28. In his motions for temporary injunctive relief, Plaintiff sought a Court Order directing the Defendants to return personal legal materials, books and supplies which he alleged were confiscated from legal storage and his cell. ECF No. 24. The Court struck the motion as premature as no viable compliant had been filed and the named defendants had not be served with the motion. ECF Nos. 27 and 28.

On October 17, 2012, the Court reviewed Plaintiff's Complaint (ECF No. 13) and found it to be deficient. The Court ordered Plaintiff to show cause why his complaint should not be dismissed. ECF No. 26. In the alternative, Plaintiff was allowed until November 16, 2012 to file an amended complaint to cure the deficiencies of his complaint. *Id.* On November 20, 2012, Plaintiff filed a motion for extension of time to respond to the Order to Show Cause. ECF No. 29. Plaintiff was granted an extension until January 13, 2013. ECF No. 30. On December 4, 2012, Plaintiff filed a letter requesting a copy of the court rules. ECF No. 31. The Clerk sent a copy of the rules to the Plaintiff on the same day. Also in his letter, Plaintiff states that he had not yet responded to the Order to Show Cause because of illness, lack of typing paper and ribbons, limited access to typing paper and law library call outs. ECF No. 31, p. 1. Plaintiff also contends that because the Court refuses to issue him a temporary injunctive order, he cannot get his legal documents and papers back and cannot rewrite his pleading. *Id.*, p. 2.

REPORT AND RECOMMENDATION - 2

Because Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983, the undersigned recommends that this case be **dismissed without prejudice.**

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply

REPORT AND RECOMMENDATION - 3

essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

**A.      Plaintiff's Complaint (ECF No. 13)**

Plaintiff is currently incarcerated at the Stafford Creek Corrections Center (SCCC).  ECF No. 13.  He purports to sue the Department of Corrections (DOC); unnamed officers and staff of the "H6 Unit", "I&I", "SCCC Property Room", and "Legal Liaison"; Grays Harbor Community College; past and present Secretaries of the DOC, SCCC's Superintendent, DOC's Grievance Program Manager, Coordinator, and Associate Dean for Education; Hobby Shop employees; and numerous corrections officers. He claims generally that his action is for damages and injunctive relief for the unlawful taking and conversion of his legal work and court papers, for retaliation, and Eighth Amendment medical claims.  *Id.*, at 3.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. *Id.*

REPORT AND RECOMMENDATION - 4

An exhibit attached to Plaintiff's complaint reflects that Plaintiff was given a "90 Day Notice" dated May 31, 2012 from the SCCC Property Room Staff. The Notice states:

> The Stafford Creek Correction Center Property Room is currently storing personal property for you.
>
> If you want this property mailed to you, send a money order or cashiers check for the amount of $100.00 to the address below.
>
> If you do not contact the Stafford Creek Corrections Center Property Room, your property will be donated or destroyed 90 days after the date of this notice. Please put Postage Account Only on the money order.

ECF No. 13, at 7.

Plaintiff alleges that on September 4, 1998, he was injured on a prison work crew and that his injury was covered by L&I, but the prison medical staff have refused to report his injury. He claims that he has filed grievances and that every time he has attempted to have medical personnel report his injury, he is threatened with infractions and ordered to leave medical. He also claims that he has never been seen for his medical issues but charged for the co-pay. *Id.*, p. 9. Attached to his complaint are documents indicating that an L&I injury report was filed and denied by L&I sometime in 2008. ECF No. 13, at 39.

Plaintiff alleges that on June 6, 2009, five to six unidentified officers came to his cell and read through his legal papers. ECF No. 13, at 10. On June 9, 2009, Officers Rohrer and Sgt. Reninger refused to return his legal materials. Plaintiff claims that he had legal deadlines and wrote letters of appeal, which were ignored, and that he has been refused access to his legal work for three years. He asserts that he filed a property tort claim, that some of his property has been returned to him, but claims that some of his property is still missing. *Id.*, at 11-12. Plaintiff describes some of his missing property to include an exhibit worth $500.00, a signed photograph worth $300.00, art supplies, law books, and legal papers. *Id.*, at 12.

REPORT AND RECOMMENDATION - 5

Plaintiff alleges that on or about October 19, 2006, his legal boxes were returned to him, but most of them were empty because Corrections Officer Nicola had hot trashed his documents, kicked them around, and "grabbed hands full and dumped them into a box or garbage can". *Id.*, at 15.

Plaintiff alleges that he was then sent to H3-Unit where Corrections Officer Daniels gave him one major infraction after another in retaliation because Plaintiff had "gotten a friend of his almost fired." *Id.*, at 16. He claims that his cellie and Officer Daniels were working together to set him up for infractions so that Plaintiff would get sent back to Walla Walla. He also alleges that Officer Daniels wrongfully confiscated his typewriter, 5 law books, typing supplies and ribbons and wrongfully infracted him. *Id.* Plaintiff does not allege when these incidents occurred.

Plaintiff alleges that he has not received medical treatment for needed reconstructive dental surgery and that he now requires a liver transplant because DOC medical failed to provide him with Hepititis C treatment for the past twenty-three years. He also claims that he has had five heart attacks in the last two years and when he was sent to have stents, he was told that his condition had gone too long without treatment. *Id.*, at 17-18. Documents attached to his complaint, indicate that an attorney for Plaintiff wrote to the Superintendent of the Washington Correction Center in March of 2003 requesting that Plaintiff be allowed to undergo dental surgery. *Id.*, at 42.

Plaintiff also alleges that DOC has repeatedly placed inmates in his cell who have either just gotten out of the hole for beating up their cellmate or for stealing from them. When Plaintiff was released from the hospital, he was placed in a cell with a mentally ill inmate who threatened

REPORT AND RECOMMENDATION - 6

him.  He reported this to Corrections Officer Cherry, but the unit sergeant refused to see him.  Weeks later, his cellmate attacked him and as a result, Plaintiff suffered a heart attack and was rushed to the hospital.  He claims that during the attack, the unit officer refused to come to assist him because he was doing a crossword puzzle.  Plaintiff does not state when this incident occurred.  *Id.*, pp. 18-19.

Plaintiff claims generally that "all of his transfers since September 4, 1998 have been retaliatory."  *Id.*, p. 19.

Plaintiff claims that while he was incarcerated at Airway Heights, unknown persons "hot trashed" 42 boxes of his personal and legal property without notice or due process, including property Plaintiff values at over $9,000.00.  *Id.*, p. 19.  Plaintiff also claims that he suffered falls from stairs, false infractions, and retaliation while incarcerated at Airway Heights and Monroe Corrections Center.  *Id.*, pp. 20-21.  He does not state when these incidents occurred or who was involved in the incidents.

Based on the foregoing, the Court advised Plaintiff that he had failed to state a claim for relief under 42 U.S.C. § 1983.  ECF No. 26.

**B.      Analysis of Plaintiff's Claims**

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

REPORT AND RECOMMENDATION - 7

**1)** **Statute of Limitations**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v.. Rinaldi*, 654 F.2d 546 (9th Cir.1981). The Washington statute for personal injury reads as follows:

> The following actions shall be commenced within three years: ... (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

The complaint reveals that Plaintiff had actual notice of the facts in sufficient time to commence an action before the expiration of the three year statute of limitations for a majority of the claims he purports to raise herein. For example, he alleges that: (1) he was injured on a work crew in 1998 and his Labor and Industries claim for that injury was denied in 2008; (2) Officers Rohrer and Reninger seized his legal materials on June 9, 2009; (3) Officer Nikula destroyed his documents on October 19, 2006; (4) on unknown dates Officer Daniels retaliated against him; (5) for twenty-three years he was denied medical treatment for Hepatitis C; (6) he was refused

REPORT AND RECOMMENDATION - 8

dental surgery in March 2003; (7) on unknown dates he was placed in cells with violent cellmates; (8) his cell transfers since 1998 have been retaliatory; and (9) on unknown dates various incidents at Airway Heights have caused him harm.  With regard to Plaintiff's claim that he was denied medical treatment for Hepatitis C, it is unclear whether he is alleging that the failure to treat has been ongoing for twenty-three years (and if so, when this twenty-three year period of time began) or, that he is suffering from the adverse effects of a failure to treat an illness twenty-three years ago.

Plaintiff was given an opportunity to show cause why all of the foregoing claims are not barred by the statute of limitations. Plaintiff was advised that he must allege in more specific terms who harmed him, when they harmed him, and how that harm violated a specific constitutional right.  In addition, Plaintiff was advised that it is not sufficient to name parties merely in their supervisory capacities, but that he must allege facts showing how the supervisor was involved in the alleged constitutional deprivation. *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998)("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." )

Plaintiff has been given ample opportunity to show cause or amend his complaint to show why the foregoing claims are not barred by the statute of limitations.  He has not done

**2)      Property Claim**

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, for the "conversion" of his personal property.  He asserts that he filed a state tort claim and that some, but not all of his property has been returned to him.  ECF No. 13, pp. 11-12.

REPORT AND RECOMMENDATION - 9

Plaintiff's property claim is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Neither the negligent deprivation of property nor the intentional deprivation of property states a claim under Section 1983 provided the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part of other grds, Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (state employee's negligent loss of prisoner's hobby kit did not state claim); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property did not state claim).

The availability of a state tort action to remedy such losses precludes relief under Section 1983 because it provides adequate procedural due process and therefore no constitutional right has been violated. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986). Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file tort claims against the state for the unlawful loss or destruction of their personal property. *See* RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) and RCW 4.92.090 (state liable for the tortuous conduct of state officials). A prisoner does not have a right to a specific grievance procedure, as long as it is adequate, so that a defendant merely ruling against an inmate's grievance does not contribute to the underlying alleged deprivation. *See Gallaher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009).

Plaintiff has failed to state a claim that is cognizable under 42 U.S.C. § 1983 because a state tort action was available to him for the loss of his personal property. Even though Plaintiff's tort claim may have been denied or provided him only partial relief, he was provided adequate due process and therefore, no constitutional right has been violated.

REPORT AND RECOMMENDATION - 10

### 3) State Actors

Plaintiff also names the Grays Harbor Community College as a defendant. Generally, private actors are not acting under color of state law. *See Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir.1991).  In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state. *Id.* (citing *Lugar v. Edmundson Oil Co., Inc*., 457 U.S. 922, 937 (1982)).  Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir.1999) (citing *Lugar*, 457 U.S. at 937).  A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

The Court, however, begins with the presumption that private actors are not acting under color of state law. *See Sutton*, 192 F.3d at 835.  "In order for private conduct to constitute governmental action, 'something more' must be present." *Id*. (quoting *Lugar*, 457 U.S. at 939). The Court may employ various tests in determining whether "something more" exists, including: (1) the public function test-where a private actor exercises powers traditionally exclusively reserved to the State; (2) the joint action test-where a private actor is a willful participant in joint activity with the State or its agents; (3) the state compulsion test-where the State exercises coercive power or provides such significant encouragement that the private actor's choice must be deemed to be that of the State; and (4) the governmental nexus test-where there is a sufficiently close nexus between the State and the challenged action such that the action of the private actor may be fairly treated as that of the State. *Johnson v. Knowles*, 113 F.3d 1114,

REPORT AND RECOMMENDATION - 11

1118-20 (9th Cir.1997) (cited sources omitted).  Courts have also looked to whether there is "pervasive entwinement" between private and public entities.  *See, e.g., Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298-99 (2001) (finding state action where "[t]he nominally private character of [a statewide athletic association was] overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [ ]").  However, there is no specific formula to apply. *See Sutton*, 192 F.3d at 836.  Instead, courts typically look to whether there is a sufficiently close nexus between the state and the challenged conduct.  *Id*.  Moreover, the question is individualized and dependent on the factual circumstances.

Here, there are no factual circumstances for the Court to consider.  Plaintiff failed to plead or otherwise show cause why this claim should not be dismissed.  Plaintiff also names individuals who appear to be connected with the prison Hobby Shop.  It is entirely unclear why these individuals have been included in Plaintiff's complaint as there are no factual allegations to support any federal constitutional claim.

## CONCLUSION

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States.  Plaintiff was given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint.  He failed to file an amended complaint or otherwise respond to the Court's Order.  Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.  Accordingly, it is recommended that this case **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 1, 2013,** as noted in the caption.

      **DATED** this  13th   day of February, 2013.

                                            Karen L. Strombom
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION - 13